UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BISMARK MAIRENA-RIVERA** | * | **CIVIL ACTION** |
| | * | |
| versus | * | **NO. 2:16-CV-04493-JTM-JCW** |
| | * | |
| **LANGSTON CONSTRUCTION, LLC and** | * | **JUDGE MILAZZO** |
| **COMPOSITE ARCHITECTURAL DESIGN** | * | |
| **SYSTEMS, LLC, and** | * | **MAGISTRATE JUDGE WILKINSON** |
| **MICHAEL LANGSTON** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*    \*

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION, JUDICIAL NOTICE, AND DISCLOSURE OF THE NAMES AND ADDRESSES OF THE POTENTIAL OPT-IN PLAINTIFFS**

Defendants, Langston Construction, LLC, Composite Architectural Design Systems LLC, and Michael Langston (collectively, "Defendants"), respectfully submit this Memorandum in Opposition to Plaintiff's Motion for Conditional Class Certification, Judicial Notice, and Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs. Plaintiff's motion should be denied because (i) it is not supported by sufficiently probative evidence; and (ii) the proposed class[1] is temporally and substantively overbroad. Solely in the alternative, and in the event that the Court finds that conditional certification is warranted, Plaintiff's proposed notice is inappropriate and should be modified based upon the facts of this case – all as more fully set forth and supported below.

---

[1] While Plaintiff seeks conditional certification pursuant to 29 U.S.C. § 216(b), and is not pursuing a true class action as contemplated by Rule 23 of the Federal Rules of Civil Procedure, for simplicity's sake, Defendants refer to the prospective group of claimants as a "class" in opposing Plaintiff's motion.

2779190-1

- 1 -

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Bismark Mairena-Rivera ("Plaintiff"), alleges that he was employed as a "general construction laborer" by Defendants. *See* Plaintiff's Amended Complaint, Rec. Doc. 23 ¶ 1. Plaintiff further alleges that while working for the Defendants, he was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hour per workweek. *Id*. In connection with his purported employment as a general construction laborer, Plaintiff alleges that he "installed and fabricated materials for Defendants' various construction projects." Rec. Doc. 23, ¶ 9. Plaintiff also claims that Defendants treated the Plaintiff and other "similarly situated employees" as exempt from the FLSA's overtime requirements even though the Plaintiff and other "similarly situated employees" were purportedly not exempt. Rec Doc. 23, ¶¶ 37-38. Plaintiff now moves for, *inter alia*, Conditional Class Certification in order to proceed with this case as a collective action. Rec. Doc. 30. In his Memorandum in Support of Plaintiff's Motion to Proceed as a Collective Action and for Judicial Notice to Potential Opt-In Plaintiffs, Plaintiff alleges that "Defendants' unlawful pay practices were commonly applied throughout Defendants' operations and that [Plaintiff] worked alongside other workers 'similarly situated' to him that were not paid overtime wages." Rec. Doc. 30-1.

Defendants filed a Motion to Dismiss First Amended Complaint Due to Improper Venue which remains pending before the Court. Rec. Doc. 24. Therefore, Defendants have not yet answered this lawsuit. Defendants only file the instant Opposition to assert their rights relative to Plaintiff's Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs, and by no means should this pre-

answer Opposition be considered a forfeiture and/or waiver of Defendants' pending Motion to Dismiss First Amended Complaint Due to Improper Venue.

## LAW & ARGUMENT

Plaintiff's Motion for Conditional Class Certification should be denied because the proposed class is impermissibly overbroad, is comprised of persons who are not similarly situated to Plaintiff, and because Plaintiff's motion is not supported by sufficiently probative evidence. Solely in the alternative, should the Court find that conditional certification is warranted, Plaintiff's proposed Notice should be reformed because it purports to include more putative class members than appropriate based upon the facts of this case, is substantively incomplete and, thus, imbalanced.

A.   Legal Standard

Plaintiff's substantive claims and the motion presently before the Court are predicated upon the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). The FLSA provides employees with a private right of action as a means of redressing a variety of possible statutory violations. An aggrieved employee may sue his or her employer individually or collectively, on behalf of any alleged similarly situated employees, for violations of the statute. For collective actions, the statute provides for an "opt-in" scheme pursuant to which plaintiffs must affirmatively notify the court of their intention to become parties to the suit:

> An action . . . may be maintained . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

2779190-1

- 3 -

29 U.S.C. § 216(b).  District courts have discretion in deciding whether to conditionally certify a class and order notice to any similarly situated employees advising them of their right to join the FLSA action.  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989); *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003).

Courts recognize two competing methods to determine whether to certify a collective action and authorize notice to any such potential plaintiffs.  *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-15 (5th Cir. 1995).  These methods consist of the two-step *Lusardi* approach and the class-action *Shushan* approach.  *See id.; Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D. Colo. 1990); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).  In *Mooney*, the Fifth Circuit found it unnecessary to determine which method was most appropriate.  However, more recent decisions confirm that "the [*Lusardi*] two-step *ad hoc* approach is the preferred method for making the similarly situated analysis" in this circuit.  *See*, *e.g.*, *Basco v. Wal-Mart Stores Inc.*, No. 00-3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004) (Duval, J.) ("It is clear that the [*Lusardi*] two-step ad hoc approach is the preferred method for making the similarly situated analysis."); *Kenyatta-Bean v. Housing Authority of New Orleans*, No. 04-2592, 2005 WL 3543793, at *6 (E.D. La. Nov. 18, 2005) (Lemmon, J.) (adopting and applying the *Lusardi* two-step approach); *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004) (acknowledging that the majority of courts have employed or implicitly approved the two-step method).

The first step of the *Lusardi* analysis consists of the "notice stage" in which the district court determines whether to issue notice to potential class members.[2] *Mooney,* 54 F.3d at 1213-14. At this stage, the plaintiff bears the burden of making a preliminary factual showing that a class of similarly situated individuals exists. *Lima v. International Catastrophe Solutions, Inc*., 493 F. Supp. 2d 793, 798 (E.D. La. 2007). The plaintiff must satisfy his or her burden through submission of evidence, which may include affidavits and other supporting documentation. *Id*. While it is true that this determination is generally made using a fairly lenient standard requiring only substantial allegations that potential members "were together the victims of a single decision, policy, or plan," such a finding is not automatic and a factual basis for the allegations is required. *See Hall v. Burk*, No. 301CV2487H, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983)). General allegations or unsupported assertions that the defendant employer violated the FLSA are insufficient. *Quintanilla*, 2005 WL 2095104, at *12.

Here, the Plaintiff asserts no evidence of any company-wide decision, policy or plan relative to withholding overtime pay. Instead, Plaintiff merely asserts in his Declaration: "I know from my conversations with other workers, and also from my personal observations, that other Langston laborers did not get paid overtime." (Rec. Doc. 30-3, ¶ 9). This anecdotal and vague assertion falls far short of the burden requiring the Plaintiff to set forth "substantial

---

[2] If a court conditionally certifies a class at the notice stage, the action will proceed as a collective action during discovery. *Mooney*, 54 F.3d at 1214. The second stage of the inquiry typically occurs when discovery is generally complete and the defendant moves to decertify the conditionally-certified class. *Id*. If the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice and the original plaintiffs proceed with their individual claims. *Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2005 WL 2095104 (S.D. Tex. Aug. 30, 2005).

2779190-1

allegations" that potential members were "together victims of a single decision, policy, or plan." *See Hall* at \*3.

The applicable jurisprudence clearly dictates that certifying an FLSA case as a collective action is not tantamount to a rubber stamp. *Lima,* 493 F. Supp. 2d at 798 ("[w]hile the standard at this stage is 'not particularly stringent,' it is by no means automatic."). Thus, in seeking to establish that a conditional class should be certified, Plaintiff has the very real burden of demonstrating a reasonable basis for crediting his assertion that a class of "similarly situated individuals" does in fact exist. *Hipp v. Liberty Nat'l Life Ins., Co.,* 252 F.3d 1208, 1217 (11th Cir. 2001). To determine whether a class of "similarly situated individuals" exists, courts require "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003); *Gjurovich v. Emmanuel's Market-place, Inc*., 282 F. Supp. 2d 91, 96-97 (S.D.N.Y. 2003) (plaintiff must allege a common policy or plan and establish a sufficient factual nexus between his or her situation and the situation of the proposed classed members) (citations omitted); *Simmons v. T-Mobile USA, Inc.*, No. 06-1820, 2007 WL 210008, at \*18 (S.D. Tex. Jan. 24, 2007) ("most district courts in this Circuit as a practical matter require some factual basis to the plaintiff's allegations that a collective action is warranted before granting notice and conditional certification.").

Accordingly, to maintain a collective action in this case, Plaintiff may not rely solely on unsupported and conclusory allegations. On the contrary, he bears the burden of establishing, via affidavits and other supporting evidence, that there indeed exists a "similarly situated" class

of individuals who possess viable claims against his employer. *See Lima*, 493 F. Supp. 2d at 798.

B. <u>Plaintiff's Proposed Class is Overbroad and Includes Persons Who Are Not Similarly to Plaintiff.</u>

Relying upon nothing more than his own unsupported supposition, Plaintiff proposes a class that includes:

> "*All individuals* who worked or are working for Langston Construction, LLC or Composite Architectural Design Systems, LLC during the previous three years and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation." (Emphasis added).

Put simply, Plaintiff proposes to lead a collective action of persons who are not similarly situated to him. "All individuals who worked or are working for Langston Construction, LLC or Composite Architectural Design Systems, LLC" unquestionably includes employees far beyond the breadth and scope of workers "similarly situated" to the named Plaintiff. For example, "all individuals" could arguably include some project foremen, secretaries, office personnel, job trackers, etc. In contrast to the Plaintiff, who describes himself as a "general construction laborer" who installed and fabricated materials for the Defendants' construction projects and who was paid on an hourly basis (*See* Declaration of Bismark Mairena, Rec. Doc. 30-3), Plaintiff's proposed class would inevitably include, for example, office personnel tasked with such responsibilities as bookkeeping, payroll, secretarial duties, and other non-manual work – clearly not one deemed "similarly situated" to the Plaintiff, a general construction laborer who installed and fabricated materials and who was paid on an hourly basis. By Plaintiff's own Declaration, he identifies those who were purportedly "similarly situated" to him as "other Langston laborers" – and not any and all individuals who worked for Langston Construction,

LLC or Composite Architectural Design Systems, LLC. *See* Rec. Doc. 33-3, ¶ 9. The controlling law, as set forth above, does not permit that and does not require Defendants to defend such an action – even at this preliminary/conditional stage of the proceedings. *E.g.*, *Hipp, Co.*, 252 F.3d at 1217; *accord Lima*, 493 F. Supp. 2d at 798. Plaintiff is not similarly situated to the group of persons that he proposes to represent, and the claims of those persons are not sufficiently similar to his to warrant their being pursued collectively. *Id.* Plaintiff's motion can and should be denied for that reason alone.

But even if the Court considers Plaintiff's motion further, it will find that the motion is not supported by sufficiently probative evidence. The evidence upon which Plaintiff relies as "direct evidence" of the FLSA violation he alleges merely amounts to two skeletal and incomplete submissions of evidence.. First, Plaintiff attaches to his Motion what appears to be eight pay stubs from various time periods. Notably, three of the attached pay stubs represent time periods preceding Plaintiff's purported date of hire, according to his Declaration.[3] Second, Plaintiff submits his own self-serving affidavit testimony which alleges that Plaintiff's basis for moving to certify this case as a collective action includes only his "conversations with other workers" and "personal observations" that "other Langston laborers did not get paid overtime." Rec. Doc. 33-3, ¶ 9. Plaintiff fails to satisfy even the lenient standard employed at this stage of determining whether a collective action is warranted under 29 U.S.C. § 216(b). For all of the foregoing reasons, Defendants maintain that a collective action is not warranted and that Plaintiff's motion should, therefore, be denied.

---

[3] *See* Declaration of Bismark Mairena, Rec. Doc. 33-3. ¶ 2 ("I was hired…on or about October 2014."); *Cf.* the pay period identified on attached pay stub(s), namely 9/1/14-9/14/14, Rec. Doc. 30-4.

C.      Plaintiff's Proposed Class is Temporally Overbroad; There Is No Credible Evidence of Willfulness.

In addition to the deficiencies identified above, Plaintiff's motion also seeks to conditionally certify a collective action covering a period of three years. Under the FLSA, evidence of willfulness is required before a three-year period is warranted. *See* 29 U.S.C. § 255(a) (setting forth the default two-year statute of limitations and the onerous standards for a three-year statute of limitations). An FLSA violation is 'willful' if the employer either "'knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute.'" *Singer v. City of Waco, Tex.*, 324 F. 3d 813, 821 (5th Cir. 2003) (quoting *Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994). "The burden of showing that an FLSA violation was 'willful' falls on the plaintiffs." *Stokes v. BWXT Pantex, L.L.C.*, 424 Fed. Appx. 324, 326 (5th Cir. 2011). Other than Plaintiff's bald and conclusory allegations of ultimate fact and liability, Plaintiff has failed to satisfy his pleading and evidentiary burden on the element of willfulness, which precludes the three-year reach that his motion and proposed notice requests. *Id.* Plaintiff cannot simply make such allegations and justify notifying another year's worth of potential claimants, thereby improperly multiplying the initial costs of defense while costing Plaintiff nothing. As such and as Defendants maintains – *if* the Court finds that a collective action is warranted in this case, any notice that issues should be limited to two years. 29 U.S.C. § 255(a).

D.      Plaintiff's Proposed Notice is Substantively Incomplete, Temporally Overbroad, and Should Be Modified to Fully Notify Putative Class Members, If Any.

While a collective action is not warranted in this case, if the Court is inclined to allow one, the applicable law dictates that it must be limited to those persons who held the same job that Plaintiff held and were employed by the same employer, paid in accordance with the same

payroll policy, and worked under the same supervision, in the same location. *E.g.*, *Hall*, 2002 WL 413901, at *3 (citation omitted); *Barron*, 242 F. Supp. 2d at 1103. In short, *if* the Court certifies this matter as a collective action, it should include only those persons who held the same job as the Plaintiff and who worked under the same supervision in the same location as Plaintiff; namely those persons who were paid on an hourly basis and classified as general construction laborers who install(ed) and fabricate(d) materials for construction projects and who worked under the same supervision and in the same location(s) as the Plaintiff.

In addition, Defendants submit that Plaintiff's proposed notice is substantively incomplete and should be supplemented and/or edited to include the following additional and/or revised language:

a. <u>Proposed Addition</u>: "If you choose to join in this lawsuit, you will be bound by the Judgment, whether it is favorable or unfavorable. While this suit is proceeding, you may be required to respond to written questions, sit for depositions, and/or testify in court."

b. <u>Proposed Addition</u>: "The attorneys for the class plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. Your interest will be represented by the named Plaintiff through his attorneys as counsel for the class. The putative class could (not would) be liable for costs if there is no recovery. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. By joining this lawsuit, you designate the named Plaintiff as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the named Plaintiff will be binding on you if you join this lawsuit."

c. <u>Proposed Addition</u>: The lawsuit seeks to cover wages and damages that we contend are owed under federal law because Defendants <u>allegedly</u> did not pay their employees overtime.

    d.  <u>Proposed Revision</u>: "Langston Construction, LLC, Composite Architectural Design Systems, LLC, and Michael Langston are contesting the allegations that they have violated the law and are defending against our lawsuit."[4]

Finally, Defendants maintain that Plaintiff's proposed 90-day notice period is excessive. While not patently unreasonable on its face, the period is too long based upon the minimal allegations in this case. Longer opt-in periods are typically reserved for cases in which potential plaintiffs are hard to contact due to their migration or dispersal. *See Lima*, 493 F. Supp. 2d at 804 (finding a 90-day period appropriate because potential opt-in plaintiffs had migrated to other areas, "but is not so unreasonable as to be overly burdensome or excessive for the Defendants"). In cases such as the one presently before the Court, where there is no evidence that locating prospective opt-in participants will be complicated, courts have typically granted shorter opt-in periods. *See*, *e.g.*, *Johnson v. American Airlines, Inc.*, 531 F. Supp. 957, 961 (N.D. Tex. 1982) (21-day opt-in period); *Held v. Nat'l R.R. Passenger Corp.*, 101 F.R.D. 420, 425 (D.D.C. 1984) (31-day opt-in period); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 449 (N.D. Ill. 1982) (same); *Watkins v. Milliken & Co.*, 613 F. Supp. 408, 420 (W.D.N.C. 1984) (30-day opt-in period when the actions had been pending long enough that prospective plaintiffs had had time to hear of their pendency). Under the unique circumstances in this case, if the Court finds that the matter should be conditionally certified, Defendants submit that an opt-in period of no longer than 21 days is warranted.[5]

---

[4] Defendants have not answered this lawsuit due to their pending Motion to Dismiss First Amended Complaint Due to Improper Venue.

[5] Plaintiff requests that, if the Court certifies this collective action, the Defendants be ordered to provide the names and last known addresses of potential opt-in plaintiffs. (Rec. Doc. 30-1, p. 20). Earlier in his Memorandum in Support, however, Plaintiff asks the Court to "direct Defendants to provide the names, *phone numbers*, and last known addresses of potential opt-in plaintiffs. (*Id*. at p. 7) (Emphasis added). In conclusion, Plaintiff again asks the court – in the event of class certification – to direct the Defendants to provide only the names and addresses of

**CONCLUSION**

Based upon the foregoing, Plaintiff has not satisfied even the lenient standard of proof required to permit this matter to proceed as a collective action. As such, his motion should be denied. If, however, the Court determines that conditional certification is warranted, the resulting action and group of prospective claimants should be limited only to those persons who were employed by Langston Construction, LLC or Composite Architectural Design Systems, LLC on an hourly basis as general construction laborers to install and fabricate materials for construction projects under the same supervision and in the same location(s) as Plaintiff during the two-year period immediately preceding the issuance of any notice to claimants – which notice should be similarly limited and supplemented as set forth in Section D, above.[6]

        Respectfully submitted,

        s/ Mary W. Dale
        D. Scott Landry, T.A. (#18996)
        Mary W. Dale (#35735)
        **CHAFFE McCALL, L.L.P.**
        Two United Plaza, Suite 103
        8550 United Plaza Boulevard
        Baton Rouge, Louisiana 70809
        Telephone: (225) 922-4300
        Fax: (225) 922-4304
        Email: landrys@chaffe.com
        Email: dale@chaffe.com

        **Attorneys for Langston Construction, LLC,**
        **Composite Architectural Design Systems LLC**
        **and Michael Langston**

---

potential class members. (*Id*. at p.22). In any event, Defendants maintain that, if the court allows the collective action, the request for phone numbers goes beyond the reasonable scope of necessary disclosures, since the case law cited by Plaintiff authorizes the disclosure of only names and addresses of potential opt-in plaintiffs.

[6] Defendants further request – if this collective action is certified – that they be permitted to timely review the final, court-approved notice in order to confirm that the Spanish-translated notice comports fully with the Court's approved notice in English.

2779190-1

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

Baton Rouge, Louisiana, this 27th day of September, 2016.

                                               _____s/ ___Mary W. Dale_____ ____
                                                    MARY W. DALE