UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BISMARK MAIRENA-RIVERA

CIVIL ACTION

VERSUS

NO. 16-850-JJB-EWD

LANGSTON CONSTRUCTION, LLC, ET AL

## RULING

This matter is before the Court on a Motion to Proceed as a Collective Action, for Judicial Notice, and for Disclosure of the Names and Addresses of Potential Opt-in Plaintiffs (Doc. 30) brought by the Plaintiff, Bismark Mairena-Rivera. The Defendants[1] filed an Opposition (Doc. 31), and the Plaintiff filed a Reply (Doc. 34). The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is unnecessary. For the reasons stated herein, the Plaintiff's Motion (Doc. 30) is **GRANTED.**

### I.   BACKGROUND

The Plaintiff was employed as a general construction laborer by the Defendants. He alleges that he was not paid one-and-a-half times his straight time rate for the overtime hours he worked in excess of 40 hours. Additionally, he alleges that the unlawful pay practices were commonly applied throughout the Defendants' operations, and that he worked with other individuals similarly situated to him who were not paid the proper overtime rate. Plaintiff now moves to conditionally certify a class of Defendants' employees, and he asks that the Court direct the Defendants to provide the names, phone numbers, and last known addresses of potential opt-in plaintiffs. He also asks the Court to approve the sending of a class notice. Additionally, at least one former employee

---

[1] There are three Defendants in this case: Langston Construction, LLC, Composite Architectural Design Systems, LLC, and Michael Langston ("Defendants").

of the Defendants has already opted-in to this action.[2] Defendants oppose this Motion, making various arguments about why it should be denied, and, even if it is granted, why the notice should be narrowed.

## II. DISCUSSION

For the reasons that follow, the Court shall grant this Motion. However, because the proposed class is too broad, the Court narrows the class definition. Additionally, the Court finds that certifying a collective action covering a period of three years is appropriate. Further, the Court finds that a 90 day opt-in period is appropriate.

### A. Standard

Plaintiff claims that Defendants violated the minimum wage and overtime protections of the Fair Labor Standards Act ("FLSA").[3] An aggrieved employee may sue his or her employer individually or collectively, on behalf of similarly situated employees.[4] Unlike a Federal Rule of Civil procedure 23 class action, in which class members are automatically part of the class unless they affirmatively opt-out, each individual member in an FLSA collective action must opt-in by consenting in writing to become a member of the suit.[5] District courts in the Fifth Circuit have generally employed the *Mooney* two-tiered approach in determining whether to certify FLSA representative actions.[6] Under this approach, in order to determine whether potential plaintiffs are "similarly situated," a court must use a two-stage process.[7]

---

[2] Darwin Ruano consented to be a party plaintiff in this action on January 25, 2017. Doc. 41.
[3] 29 U.S.C. § 216 (b).
[4] *Id.*
[5] *Id.*; *Mooney v. Aramco Svcs.*, 54 F.3d 1207, 1212 (5th Cir. 1995).
[6] *Boudreaux v. Schlumberger Tech Corp.*, Civil Action No. 14-2267, 2015 WL 796602, *4 (W.D. La. Feb. 25, 2015); *Basco v. Wal-Mart Stores, Inc.,* Civil Action No. 00-3184, 2004 WL 1497709, *4 (E.D. La. Jul. 2, 2004).
[7] *Mooney*, 54 F.3d at 1213.

The first determination is made at the "notice" stage.[8] At this stage, the court must determine whether to issue notice to potential class members.[9] The district court generally relies on the pleadings and any submitted affidavits.[10] The court uses a "lenient" standard to determine whether similarly situated individuals exist.[11]

At this early stage, a plaintiff need not show that class members are identical.[12] Rather, the plaintiff must show that putative class members are "similarly situated…in relevant respects given the claims and defenses asserted."[13] A plaintiff can make this showing by proving either (1) that his job position and duties are similar to those positions held by putative class members or (2) that plaintiff and the putative class members were all subject to the same unified policy, plan, or scheme, that forms the basis of the alleged FLSA violation.[14]

Generally most plaintiffs satisfy this burden by showing that their job positions and duties are similar to the duties of the putative class members.[15] "The purpose of requiring class members to have similar job positions is to ensure judicial efficiency by avoiding the need for individualized inquiries into whether a defendant's policy violates the FLSA as to some employees but not others. Plaintiffs are generally required to have held similar jobs, because the nature of the work performed by each plaintiff will determine (a) whether an FLSA violation occurred and (b) whether a relevant

---

[8] *Id.* at 1213-14.
[9] *Id.*
[10] *Id.* at 1214.
[11] *Id.*
[12] *Schlumberger,* 2015 WL 796602 at *3.
[13] *Walker v. Honghua LLC*, 870 F.Supp.2d 462, 465-66 (S.D. Tex. 2012).
[14] *Jackson v. Federal National Mortg. Ass'n.*, 181 F.Supp.3d 1044, 1052 (N.D. Ga. 2016); *Tamez v. BHP Billiton Petroleum*, Civil Action No. 15-330, 2015 WL 7075971, *3-4 (W.D. Tex. Oct. 5, 2015) ("In [some] cases, it may be appropriate to require the class to be limited to a particular job position in order to provide the court some assurance that the relevant facts are common across the class. Whereas here, Plaintiffs allege that the compensation scheme is in of itself a violation of the FLSA. No further factual inquiry is necessary. Accordingly, liability can be determined collectively without limiting the class to a specific job position.").
[15] *Id.* at *3.

FLSA exemption applies."[16] However, in certain instances, a class that is made up of many different job positions may be conditionally certified as long as the differences among the class members are not material to the case.[17] This will occur when the case is premised on a single policy that affected all plaintiffs in exactly the same way.[18]

The second stage is usually precipitated by a motion for decertification occurring after discovery is completed when a court has much more evidence.[19] At this stage, a court determines whether the plaintiffs are similarly situated again.[20] If the claimants are similarly situated, the district court allows the case to proceed to trial as a representative action; if they are not similarly situated, the court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.[21]

In terms of conditional certification, the parties have six main disagreements. First, the Defendants argue that the Plaintiff's proposed class is too broad and includes individuals who are not similarly situated to him. Second, the Defendants argue that the Plaintiff has failed to meet his burden of bringing forth "substantial allegations" that potential members were "together victims of a single decision, policy, or plan."[22] While the Defendants admit that the burden at this stage is not "particularly stringent," they argue that the applicable jurisprudence clearly dictates that certifying an FLSA case as a collective action is not tantamount to a rubber stamp.[23] Third, the parties disagree about whether the proposed class should cover two years or three years. Fourth,

---

[16] *Id.* (internal quotation marks and citation omitted); *Pacheco v. Aldeep*, Civil Action No. 14-121, 2015 WL 1509570, *7 (W.D. Tex. Mar. 31, 2015).

[17] *Tamez*, 2015 WL 7075971 at *4.

[18] *Crain v. Helmerich & Payne Int'l Drilling*, Civil Action No. 92-43, 1992 WL 91946, *3 (E.D. La. Apr. 16, 1992) ("That the plaintiffs and the potential claimants may have worked in different areas of the country, on different types of rigs, and performed different jobs is not dispositive…But what matters is that the fundamental allegation—that according to company policy the time spent in job related meetings and training was uncompensated—is common to all the FLSA plaintiffs and dominates each of their claims.").

[19] *Mooney,* 54 F.3d at 1214.

[20] *Id.*

[21] *Id.*

[22] *Id.* at 1214, n. 8.

[23] *Lima v. Int'l Catastrophe Solns.*, 493 F.Supp.2d 793, 798 (E.D. La. 2007) ("While the standard at this stage is 'not particularly stringent,' it is by no means automatic.").

the parties disagree about the proper information Defendants need to disclose to Plaintiffs to facilitate the class notice. Fifth, the parties disagree over the language that should be included in the notice. Finally, they disagree about the opt-in period.

### B.  Class Definition

In his Motion, Plaintiff asks this Court to conditionally certify a class of Defendants' employees limited to: "All individuals who worked or are working for Langston Construction, LLC or Composite Architectural Design Systems, LLC during the previous three years and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation."[24] Defendants argue that this class is too broad because it would appear to include, for example, "office personnel tasked with such responsibilities as bookkeeping, payroll, secretarial duties and other non-manual work—clearly not one deemed 'similarly situated' to the Plaintiff, a general construction laborer who installed and fabricated materials and who was paid on an hourly basis."[25] The Plaintiff effectively asserts that these job distinctions among the potential members are immaterial to his case because he is alleging that Defendants employed a two-company, two-check scheme to disenfranchise all of its employees of the FLSA—not just manual laborers.

After reviewing Plaintiff's Amended Collective Action Complaint[26] and his Declaration[27], the Court agrees that the proposed class is too broad for two main reasons. First, the proposed class will likely require the Court to engage in individualized inquiries into whether the Defendants' policy violates the FLSA as to some employees but not others.[28] While this is a speculative

---

[24] Pl.'s Mem. 6, Doc. 30-1.
[25] Defs.' Opp. 7, Doc. 31.
[26] Doc. 23.
[27] Doc. 30-3.
[28] *Tamez*, 2015 WL 7075971 at *3 ("In [some] cases, it may be appropriate to require the class be limited to a particular job position in order to provide the court some assurance that the relevant facts are common across the class.").

concern, the Plaintiff has not introduced *any* evidence that other employees, besides the manual laborers, were subjected to this two-check policy in which they were not paid time-and-a-half for every hour worked over forty hours.[29] "[I]f there is sufficient evidence of an employer's pattern of subjecting employees to the same improper practice, that *would* be sufficient to warrant a finding of similarity justifying collective adjudication."[30] However, here, the Court finds that the Plaintiff has not presented sufficient evidence that this scheme affected any other employees besides the laborers. In the absence of evidence about these other employees, even at this early stage, the Court will not certify such a broad class.

Second, the Court finds that the proposed class is too broad because the Plaintiff implicitly concedes that the class should be limited to laborers. His submitted evidence defeats his own argument for a broad class. In support of his broad class, the Plaintiff argues that he has alleged "an explicit scheme whereby two commonly-owned, but allegedly separate business entities issued multiple checks to disguise FLSA violations. Nowhere in Defendants' opposition is there any refutation or explanation of this practice. Nor is this any reason to believe that the two-check scheme was unique to Plaintiff…This is reinforced by Plaintiff's declaration, wherein he alleges other victims of the same scheme."[31] While this argument appears to support the proposition that the Court should recognize a broad class, the evidence Plaintiff cites to in support of a broad class undercuts his argument. Plaintiff cites to his declaration. In his declaration, he attests to the following:

---

[29] Plaintiff argues that "[a]t this point it is an open question whether the systemic practice was applied company-wide. Again, the Defendants' opposition brief is totally silent on this question." Pl.'s Reply 4, Doc. 34. It may be an open question, but the burden for conditional certification is on the Plaintiff. Plaintiff has failed to bring forth any evidence that other employees, besides the manual laborers, were subject to this policy.

[30] *Prejean v. O'Brien's Response Mgmt.*, Civil Action No. 12-1045, 2013 WL 5960674, *8 (E.D. La. Nov. 6, 2013) (citation omitted and emphasis in original).

[31] Pl.'s Reply 1-2, Doc. 34.

I worked as a general construction laborer. My duties were fabricating and installing materials for Langston's various construction projects. All of the other Langston *laborers* did the same thing I did. Langston employed groups of *laborers* to work at different construction projects. The groups had between 4 and 12 *laborers* in them and were supervised by a Langston employee…Langston alternately paid me checks from Langston Construction LLC and Composite Architectural Design Systems LLC. I never knew which entity's name would be on the check. I know from my conversations with other workers, and also from my personal observations, that other Langston *laborers* did not get paid overtime. They were all paid their regularly hourly rate for all hours worked. One of the *laborers* I worked with at Langston was named Juan. Juan performed the same basic duties that I did at Langston and he also was not receiving overtime wages.[32]

Plaintiff's own declaration makes clear that the proper class for conditional certification consists of laborers who were not paid overtime, not all hourly employees. He presents no evidence that non-laborer employees were subject to this scheme. He makes the conclusory allegation that there is no reason to believe this scheme was unique to laborers, but this is not evidence. Additionally, his own brief works against him: "These allegations establish that there is sufficient evidence to show that *a substantial class of other manual laborers employed by the Defendants* were likely treated similarly, if not identically…The Notice specifically explains that the only employees of Defendants who are able to join are those who: (1) were employed by the Defendants *as manual laborers* within the past three years, and (2) were not paid overtime for the hours that they worked in excess of 40 hours during any work week."[33] Accordingly, the Court modifies the proposed class definition as follows[34]:

> All individuals who worked or are working for Langston Construction, LLC or Composite Architectural Design Systems, LLC performing manual labor during the previous three years[35] and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207, and who did not receive full overtime compensation."[36]

---

[32] Pl.'s Decl., Doc. 30-3 (emphasis added).

[33] Pl.'s Mem. 13, 20, Doc. 30-1 (emphasis added).

[34] A court has the power to modify an FLSA collective action definition on its own. *Walker*, 870 F.Supp.2d at 472.

[35] Below the Court explains why three years rather than two years is appropriate.

[36] The Defendant requests that the class be limited to only "those persons who held the same job as the Plaintiff and who worked under the same supervision in the same location as Plaintiff." Defs.' Opp. 10, Doc. 31. The Court finds that defining the class in such a narrow way would be inappropriate given the fact that Plaintiff has alleged that he worked in many different locations, under many different supervisors, and he is aware that all of the laborers were not paid time-and-a-half for every hour worked in excess of 40 hours.

### C. Sufficiency of Proof

In addition to arguing for a narrower class, Defendants assert that Plaintiff has failed to satisfy his burden which would allow the Court to certify any class. Specifically, they argue that the Plaintiff has failed to bring forth "substantial allegations" that potential members were "together victims of a single decision, policy, or plan." After reviewing the evidence discussed above, the Court disagrees and finds that Plaintiff submitted sufficient evidence to support conditional class certification for the class described above. Courts routinely certify FLSA classes based on a complaint and the declaration of the plaintiff.[37]

### D. Temporal Scope of the Opt-in Class

Plaintiff asserts that the opt-in class should include employees who were denied overtime for the past three years, while Defendants argue that any notice that issues should be limited to two years. A court in the Eastern District of Louisiana recently summarized the appropriate inquiry that a court should undertake in determining whether to notice a two-year or a three-year class:

> The applicable statute of limitations period under the FLSA is set forth in 29 U.S.C. § 255. The action must commence within two years after the cause of action accrued; however, if the violation is 'willful,' the cause of action must be commenced within three years after it accrued. 'Willful' means that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the statute…Courts within the Fifth Circuit have often held that, given the low standard employed at the first step of the [*Mooney*] approach, and the fact-intensive nature of the question of willful conduct, plaintiffs need not prove willfulness at the conditional certification stage.[38]

The Court finds that additional discovery will likely show whether a two-year or a three-year statute of limitations is appropriate. Accordingly, the Court finds that conditional certification of a three-year class is appropriate at this early stage. The Defendants can bring

---

[37] *See Hernandez v. Exterior Walls, Inc.*, Civil Action No. 15-4392, 2016 WL 3414903, *2 (E.D. La. Jun. 22, 2016); *Leon v. Diversified Concrete LLC*, Civil Action No. 15-6301, 2016 WL 2825073, *5 (E.D. La. May 13, 2016).
[38] *Marshall v. Louisiana*, Civil Action No. 15-1128, 2016 WL 279003, *11 (E.D. La. Jan. 22, 2016).

a Motion for Decertification if they believe the three-year term is unwarranted after discovery

is complete.

### E.  Request for Defendants to Provide Names, Phone Numbers, and Last-Known Addresses of Potential Plaintiffs

The Plaintiff requests that the Court order the Defendants to provide the names, phone

numbers, and last-known addresses of the potential class members. The Defendants argue that,

assuming certification is appropriate, they should only be directed to submit the names and

addresses of the potential opt-in plaintiffs. The Court agrees with the Defendants and orders

Defendants to provide to the Plaintiff the names, last-known addresses, and e-mail addresses[39] (to

the extent the Defendants have those addresses) of the potential claimants within **twenty** days of

this Ruling. Various courts in this Circuit have found that providing the names, e-mail addresses,

and last known addresses is adequate.[40] While the Court is allowing the Plaintiff to obtain this

information, it warns that the use of coercive tactics in communicating with potential class

members will not be tolerated.

---

[39] While the Court is aware that Plaintiff did not request e-mail addresses, the Court finds that these addresses will facilitate the notice process if they are available.

[40] *Behnken v. Luminant Mining Co.*, 997 F.Supp.2d 511, 526 (N.D. Tex. 2014) ("Because doing so will improve the accuracy of the notice, and, as a result, minimize undue delay, the court grants plaintiffs' request as to the names and last known addresses but denies it as to the telephone numbers. Consistent with its prior practice, the court concludes that the need for compelled disclosure of prospective class members' telephone numbers is outweighed by their privacy interests, and that there is no apparent reason to conclude that sending a letter to a person's last known address will be inadequate."); *Biggio v. H20 Hair Inc.*, Civil Action No. 15-6034, 2016 WL 1031344, *4 (E.D. La. Mar. 14, 2016) ("Defendants also claim that the Notice should be sent via regular mail, and that the Court should not require them to provide e-mail addresses and telephone numbers. Defendants maintain that doing so would lead to a barrage of calls and emails soliciting them to join the lawsuit…[The Court] warned against the use of coercive tactics in communicating with potential class members. The Court continues to expect all parties to act in concert with those orders. Further, the Court finds production of telephone numbers unnecessary as notice by both e-mail and first-class mail is both routine and reasonably calculated to accomplish the broad remedial goals of the notice provision of the FLSA."); *Mejia v. Bros. Petroleum*, Civil Action No. 12-2842, 2014 WL 3530362, *4 (E.D. La. Jul. 16, 2014) (giving Defendants 30 days to provide plaintiffs "with a computer-readable data file containing all potential opt-in plaintiffs' names, last known mailing addresses, and e-mail addresses").

### F. Notice Language

Defendants argue that Plaintiff's proposed notice is substantively incomplete and should be supplemented and/or edited. Because the Court has narrowed the class definition, it finds that the parties should be provided with time to revise the notice. Accordingly, the Court orders that the notice be revised consistent with this Ruling. The parties shall meet and confer regarding the content of this notice. Within **twenty** days of this Ruling, the parties are ordered to submit a joint notice to this Court by filing it into the record. If the parties cannot agree on a joint notice, within **twenty** days of this Ruling, they are ordered to separately submit proposed notices to this Court by filing them into the record. The opt-in period shall begin to run from the date that a final notice is approved by this Court.

### G. Opt-in Period

The Defendants argue that Plaintiff's proposed 90 day notice period is excessive. Citing to various cases, they argue that a 21 day opt-in period is appropriate. The Plaintiff argues that at least some of the putative class members, including Plaintiff, are non-English speakers. Counsel for the Plaintiff argues that she has experience noticing non-English speaking laborers in FLSA cases, and oftentimes the addresses provided are outdated. "Longer opt-in periods have been granted in cases where potential plaintiffs are hard to contact due to their migration or dispersal."[41] In *Lima v. International Catastrophe Solutions*, the court allowed an opt-in period of 90 days because there was evidence that class members previously employed by the defendants had migrated to other states, and because tracking down the potential plaintiffs would be time-consuming and difficult due to a language barrier.[42] Given the fact that addresses for laborers are often outdated and the fact that the language barrier makes communication with the putative class

---

[41] *Lima*, 493 F.Supp.2d at 804.
[42] *Id.*

difficult, the Court finds that a 90 day opt-in period is appropriate here. This 90 day opt-in period will begin to run once the Court approves the final notice.

### III.   CONCLUSION

Accordingly, Plaintiff's Motion to Proceed as a Collective Action, for Judicial Notice, and for Disclosure of the Names and Addresses of Potential Opt-in Plaintiffs (Doc. 30) is **GRANTED**.

**IT IS ORDERED** that the proposed class is defined as: "All individuals who worked or are working for Langston Construction, LLC or Composite Architectural Design Systems, LLC performing manual labor during the previous three years and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207, and who did not receive full overtime compensation."

**IT IS FURTHER ORDERED** that Defendants provide the Plaintiff with the names, last-known addresses, and e-mail addresses (if available) of the potential claimants within **TWENTY** days of this Ruling.

**IT IS FURTHER ORDERED** that the parties shall meet and confer regarding the content of the notice. Within **TWENTY** days of this Ruling, the parties are ordered to submit a joint notice by filing it into the record. If the parties cannot agree on a joint notice, within **TWENTY** days of this Ruling, they may separately submit proposed notices by filing them into the record.

**IT IS FURTHER ORDERED** that the opt-in period for putative class members shall be 90 days from the date that a final notice is approved by this Court.

Signed in Baton Rouge, Louisiana, on June 27, 2017.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**